No. 21,743.

ASA WILLIAMS, *Appellee,* v. THE KANSAS FLOUR MILLS COMPANY et al. (GEO. M. RUSSELL, *Appellant*).

SYLLABUS BY THE COURT.

1. WRITTEN LEASE—*Modification by Parol—Instruction Defining a "Completed Oral Contract."* An instruction to the effect that a completed oral contract can result only where the parties agree to the same thing at the same time is held not to have been so open to misconception as to amount to an error, although one of the parties was relying upon evidence of a proposition which had been made at one time having been accepted at another without a restatement.

2. SAME—*Instruction—Burden of Proof.* An instruction regarding the burden of proof held not to justify a reversal.

Appeal from Sedgwick district court, division No. 2; THORNTON W. SARGENT, judge. Opinion filed December 7, 1918. Affirmed.

*T. A. Noftzger, George Gardner,* and *George W. Cox,* all of Wichita, for the appellant.

*John H. Connaughton,* and *H. E. Walter,* both of Kingman, for the appellee.

The opinion of the court was delivered by

MASON, J.: Asa Williams sued the Kansas Flour Mills Company for $234.18, as the balance due for some wheat he had sold to it, being one-third of the purchase price. No issue was

made between the plaintiff and the company, but George M. Russell, who claimed that this portion of the price of the wheat should be paid to him, was made a defendant, and filed an answer setting out his claim. The plaintiff recovered, and Russell (who will hereafter be spoken of as the defendant) appeals.

The following facts are admitted by both parties: The defendant owned a 200-acre tract of land which included that on which the wheat was grown. In March, 1915, he executed to the plaintiff a five-year lease on the entire tract, the annual rental being $452.50, for which five notes were given, the first being due October 1, 1915. In the fall of that year the wheat in question was sown. In January or February, 1916, an oral agreement was made between the parties by which the lease was in effect canceled and the land returned to the defendant, the plaintiff retaining the right to harvest the wheat and agreeing to compensate the defendant for the use of the land in that connection. The dispute arises over the amount and character of such agreed compensation. The defendant asserts that the plaintiff was to deliver to him at the railroad station one-third of the grain. The plaintiff asserts that he was to pay him $120, or at the rate of $2 an acre for the wheat land, which amounted to 60 acres.

The defendant's testimony was to the effect that he made the plaintiff a proposition to surrender the four notes which had not yet matured, in return for the lease, and take one-third of the wheat crop; that in a subsequent conversation the plaintiff accepted the proposition, and the papers were exchanged. The plaintiff corroborated the defendant as to the proposition having been made to him calling for his delivering one-third of the grain; but he testified that he refused to agree to this, and that in the later conversation the defendant offered to exchange the papers "and let the wheat ground go the way it is"; that he was paying under the lease $2 an acre for the wheat land, which comprised 60 acres.

1. The defendant complains of the giving of an instruction reading:

"A completed oral contract can only result where there is a meeting of minds of the contracting parties. That is, they must agree to the same things at the same time. There must be an offer on one side which is accepted and agreed to upon the other side."

It is contended that under the peculiar state of the evidence the instruction was misleading. The defendant's version of the transaction was, that he had made a proposition at the first conversation which the plaintiff accepted at the second without its having been restated. He asserts that the jury in applying the instruction in question to this situation would naturally suppose that he could not recover, inasmuch as the proposal was made at one time and the acceptance at another. We cannot regard it as probable that the jury placed that construction upon the statement quoted. It seems more likely that they understood it in the sense in which it was intended; that they realized that in saying that in order to complete a contract the parties must agree to the same things at the same time the court meant (as applied to the situation referred to) that to have such effect the acceptance of a proposal must be made while it is still in force—before it has been withdrawn. At any rate, if the instruction was open to misconception, the danger was not so obvious that the defendant could base error upon it without having asked a fuller exposition of the matter.

2. The only other complaint made is of an instruction relating to the burden of proof. The jury were told that each party had the burden of showing that the contract which he claimed to have been made was made, and that if it was found that neither was made the plaintiff should recover. The defendant says:

"Under the lease that was given, Russell was to receive certain rent. Under the changed tenancy he was to receive a different rent. The burden was upon the plaintiff, Williams, to establish his agreement, because he was attempting to show that different arrangements had been made than what had been agreed upon. In other words, he was the first to claim in court that a changed contract had taken place."

The parties agree that the original lease was annulled by their joint action. As the issues were made up, the defendant was the attacking party, and the burden of proof rested on him, except as it may have been removed by special considerations. The claims of both parties seem to have been fairly placed before the jury, and we see no likelihood of any prejudice having been occasioned by the instruction, even assuming that it was open to criticism.

The judgment is affirmed.